## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

LASANDRA NORMAN,

      Plaintiff,

      v.                           CAUSE NO.: 2:21-CV-158-TLS-JEM

NORTHWEST INDIANA CA Section 8, et al.,

      Defendants.

### OPINION AND ORDER

    LaSandra Norman, a Plaintiff proceeding without counsel, filed a Complaint [ECF No. 1] against Defendants Northwest Indiana C.A. Section 8, Northwest Indiana C.A. Community Action, Roman Elizarov, Liubov Khramova, Ruoff Mortgage, and Fifth Third Bank. She also filed a Motion to Proceed In Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Plaintiff's Motion is DENIED. The Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the Plaintiff is GRANTED additional time to amend her Complaint, accompanied either by the statutory filing fee or another Motion to Proceed In Forma Pauperis. If the Plaintiff fails to amend her Complaint within the time allowed, the Clerk of Court will be directed to close this case without further notice to the Plaintiff.

### DISCUSSION

    Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28

U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts."). To authorize a litigant to proceed in forma pauperis, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, *id*. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's motion establishes that she is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed in forma pauperis, a court must look to the sufficiency of the complaint to determine whether it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standard, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

In her Complaint, the Plaintiff alleges that she receives Section 8 rent assistance through Defendant Northwest Indiana Community Action. She alleges that all of the Defendants have violated Title VIII of the Civil Rights Act, also known as the Fair Housing Act. More specifically, she alleges that Defendant Northwest Indiana Community Action discriminated against her because it did not oppose the sale of the Plaintiff's current residence and then made its portion of her rent payment to the new owner of the building without the Plaintiff's consent. The Plaintiff alleges that she has not signed a lease or contract with the new owner of the property.

The Plaintiff alleges that her current rent is $920.00, comprised of the Housing Assistance Payment of $456.00 to the owner and her payment of $464.00 to the owner. Attached to the Complaint is a notice from the Indiana Housing & Community Development Authority, dated April 27, 2021, of the Housing Assistance Payment made on her behalf by the "Housing Choice Voucher Program (Section 8)" of $456.00 to "owner" Roman Elizarov. *See* ECF No. 1-1, pp. 6, 8. Also attached to the Complaint is an "Indiana Ten (10) Day Notice to Pay," dated May 4, 2021, notifying the Plaintiff that she is in default under the terms and conditions of her rental agreement. *See id.* at p. 7. The Notice is signed by "Landlord/Agent" Roman A. Elizarov. *Id.*

The Plaintiff alleges that Roman Elizarov and Liubov Khramova paid $65,000.00 for the building where the Plaintiff lives through Ruoff Mortgage and Fifth Third Bank N.A. The Plaintiff alleges that she is being forced to pay the "new owner's" mortgage. In a footnote, she alleges that Elizarov and Khramova have been harassing her for her May rent, even though their

3

own mortgage payments are not set to begin until June 1, 2021. She alleges that Elizarov and Khramova are trying to extort money from her through this "scam." Finally, the Plaintiff asserts general allegations regarding section 8 recipients being denied a chance to own their own homes and being required to move when the property they are renting is sold to a new owner.

The Fair Housing Act, also known as Title VIII of the Civil Rights Act of 1968, makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).[1] An "aggrieved person" may file a civil action in federal court. *See id.* § 3613(a)(1). The Fair Housing Act defines an "aggrieved person" as "any person who—(1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." *Id.* at § 3602(i). "Discriminatory housing practice" is defined as "an act that is unlawful under section 3604, 3605, 3606, or 3617 of" Title 42. *Id.* at § 3602(f).

The Plaintiff's Complaint fails to state a claim of discrimination under the Fair Housing Act. First, the Plaintiff has not alleged that she belongs to a protected class. Second, the Plaintiff has not alleged facts that she was discriminated against in relation to the payment of her rent because of her membership in a protected class. Therefore, the Plaintiff fails to state a claim of

---

[1] It is also illegal under the FHA "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, . . . any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. "To prevail on a § 3617 claim, a plaintiff must show that (1) she is a protected individual under the FHA, (2) she was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate." *Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009). It does not appear from the allegations of the Complaint that the Plaintiff is alleging a retaliation claim.

discrimination under the Fair Housing Act. *Cf. Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) (finding that the plaintiff stated a claim under the Fair Housing Act because the factual allegations identified the type of discrimination that occurred, who discriminated against the plaintiff, and when the discrimination took place); *Herndon v. Hous. Auth. of S. Bend*, 670 F. App'x 417, 418–19 (7th Cir. 2016) (same) (citing *Swanson*, 614 F.3d at 405).

It appears that the Plaintiff may be attempting to allege a state law contract dispute based on the rent payment sought by the new owner, which suggests the possible assignment of the lease she had with the former owner. The Court's original subject matter jurisdiction over a state law claim must be premised on diversity jurisdiction under 28 U.S.C. § 1332, which requires that the parties on each side of an action be citizens of different states, with no defendant a citizen of the same state as any plaintiff, and that the amount in controversy exceed $75,000.00. It is not clear from the allegations of the Complaint whether the Plaintiff and the Defendants are of diverse citizenship. Regardless, the amount in controversy is not met given that the Plaintiff's responsibility for her monthly rent is $464.00. Because the amount in controversy is not met, the Court lacks original subject matter jurisdiction under 28 U.S.C. § 1332 over any state law claim. Although courts have supplemental jurisdiction over state law claims under 28 U.S.C. § 1367 when the court has original jurisdiction over federal claims, such as a claim under the Fair Housing Act, here the Plaintiff fails to state a claim under the federal statue. The Court declines to exercise supplemental jurisdiction over any such state law claim. *See* 28 U.S.C. § 1367(c)(3).

Finally, to the extent she makes general allegations regarding the ability of section 8 recipients to own their own homes or being required to move following the sale of rental property to a new owner, the Plaintiff does not have standing because she does not allege that these things happened or are likely to happen to her. In order to have standing to bring a claim,

"[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (citation omitted). Here, the Plaintiff does not allege that she personally tried to own her own home or obtain a mortgage and was denied the chance. The Plaintiff also does not allege that she was required to move when the property she is renting was sold to a new owner. Therefore, the Plaintiff lacks standing to bring a claim based on the general allegations in her Complaint.

## CONCLUSION

Based on the foregoing, the Court DENIES the Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2] and DISMISSES without prejudice the Complaint [ECF No. 1] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Plaintiff is granted up to and including June 14, 2021, to file an amended complaint as well as either a new Motion to Proceed In Forma Pauperis or the filing fee. Plaintiff is cautioned that, if she does not respond by the June 14, 2021 deadline, the Court will direct the Clerk of Court to close this case without further notice.[2]

SO ORDERED on May 17, 2021.

 s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

[2] The Court notes that Plaintiff LaSandra Norman has filed several pro se complaints with this Court as of the date of this Opinion and Order: 2:11-CV-97-RL; 2:12-CV-210-JTM; 2:16-CV-113-RLM; 2:17-CV-416-RL; 2:18-CV-204-PPS; 2:19-CV-365-TLS; 2:19-CV-372-TLS; 2:20-CV-51-JEM.