# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| LASANDRA NORMAN, <br><br> Plaintiff, <br><br> v. <br><br> NORTHWEST INDIANA CA Section 8, et al., <br><br> Defendants. | CAUSE NO.: 2:21-CV-158-TLS-JEM |

**OPINION AND ORDER**

LaSandra Norman, a plaintiff proceeding without counsel, filed a Complaint [ECF No. 1] against Defendants Northwest Indiana CA Section 8, Northwest Indiana CA Community Action, Roman Elizarov, Liubov Khramova, Ruoff Mortgage, and Fifth Third Bank. She also filed a Motion to Proceed In Forma Pauperis [ECF No. 2]. On May 17, 2021, the Court denied the motion, dismissed the Complaint without prejudice for failure to state a claim of discrimination under the Fair Housing Act, and granted the Plaintiff leave to file an amended complaint and a new motion to proceed in forma pauperis or pay the filing fee. On June 11, 2021, the Plaintiff filed an Amended Complaint [ECF No. 4] but did not file a new motion to proceed in forma pauperis. On June 16, 2021, the Plaintiff filed a Request for an Emergency Hearing [ECF No. 5]. For the reasons set forth below, the Plaintiff's Amended Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the Plaintiff is GRANTED one final opportunity to amend her Complaint, accompanied either by the statutory filing fee or another motion to proceed in forma pauperis. If the Plaintiff fails to amend her Complaint within the time allowed, the Clerk of Court will be directed to close this case without further notice to the Plaintiff.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts."). To authorize a litigant to proceed in forma pauperis, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, *id.* § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Motion to Proceed In Forma Pauperis established that she was unable to prepay the filing fee, but the Court denied the motion because the Plaintiff's Complaint failed to state a claim. May 17, 2021 Op. 7 Order, ECF No. 3. The Plaintiff has not filed a new motion to proceed in forma pauperis as directed. For the limited purpose of reviewing the Amended Complaint, the Court presumes that she remains unable to prepay the filing fee.

Under the second inquiry, a court looks to the sufficiency of the complaint to determine whether it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District

courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standard, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

In its May 17, 2021 Opinion and Order, the Court found that the Plaintiff's original Complaint failed to state a claim of discrimination under the Fair Housing Act (FHA) because the Plaintiff did not allege that she belongs to a protected class and she did not allege facts that she was discriminated against based on her membership in a protected class in relation to the payment of her rent. *See* 42 U.S.C. § 3604(b). In the Amended Complaint, the Plaintiff now brings a claim of retaliation under the FHA in relation to the payment of her rent and her Section 8 housing voucher. The Plaintiff makes the following factual allegations.

The Plaintiff receives Section 8 rental assistance. Her new landlords took out a mortgage to buy the house she rents, and they have refused to disclose the amount of their monthly mortgage payment. Her new landlords are harassing her for her portion of the rent payment through text messages and have brought the police to her house. On May 12, 2021, the Plaintiff

3

received a "threatening letter" from a supervisor at Northwest Indiana CA that states: "Dear Ms. Norman, On May 5th, 2021 your landlord informed NICA Housing Department you were refusing to pay your rent. Please Note this is a violation of your Family Rights and obligations and may result in termination from the program. Please make sure to continue to follow all terms of your lease to avoid termination. A copy of your signed Family Rights and obligations is included for your review. If you have any questions, you may contact your caseworker Joni at 219-794-1829 ext. 2414." Am. Compl. 2, ECF No. 4. Someone from Northwest Indiana CA told the Plaintiff (it is unclear whether this was communicated in the letter or by some other means) that there "is a clause in the lease agreement on file at section 8 that states if the owner sale[sic], the lease automatically transfer[s] to the new landlord, even if the tenant had not a written lease document with the person who took out a mortgage on the property." *Id*. Northwest Indiana CA does not have a lease on file between the Plaintiff and the new landlords. Northwest Indiana CA has been making Section 8 payments to the new landlords on behalf of the Plaintiff. The Plaintiff made one payment of $465.00 to her new landlords in May.

The Fair Housing Act, also known as Title VIII of the Civil Rights Act of 1968, makes it unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, . . . any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. As relevant here, it is illegal under § 3604 "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, *because of race, color, religion, sex, familial status, or national origin*." *Id.* § 3604(b) (emphasis added).

"To prevail on a § 3617 claim, a plaintiff must show that (1) she is a protected individual under the FHA, (2) she was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate." *Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009) (citing *East-Miller v. Lake Cnty. Highway Dep't*, 421 F.3d 558, 563 (7th Cir. 2005)).[1] The Plaintiff fails to state a claim of retaliation under § 3617 because she has not alleged any facts that the Defendants were motivated by an intent to discriminate based on her race.

The Amended Complaint does not allege membership in a protected class. However, the Plaintiff's Motion for an Emergency Hearing states that she is African American. Thus, she could satisfy the first element.

As to the second element, the Plaintiff does not clarify how she was exercising or enjoying her fair housing rights. To the extent her retaliation claim is based on her rights under § 3604(b), she has not alleged any facts to create an inference that she was discriminated against in relation to the payment of her rent because of her race. Thus, there is no alleged underlying violation of § 3604(b) that would satisfy the second element. She also believes it is unfair that her landlords obtained a mortgage to purchase the house she rents; and it appears that she believes she should not have to pay rent because she did not sign a new lease with her new landlords, even though she alleges that someone from Northwest Indiana CA informed her that the new landlords took over her lease when they purchased the property. While the Seventh

---

[1] An "aggrieved person" may file a civil action in federal court. *See* 42 U.S.C. § 3613(a)(1). The Fair Housing Act defines an "aggrieved person" as "any person who—(1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." *Id.* at § 3602(i). "Discriminatory housing practice" is defined as "an act that is unlawful under section 3604, 3605, 3606, or 3617 of" Title 42. *Id.* at § 3602(f).

Circuit Court of Appeals in *Bloch* held that the prohibition in § 3617 against retaliation may apply to conduct other than "outright violations of §§ 3603–3606," 587 F.3d at 782, it is unclear how the Plaintiff's opposition to the landlords' purchase of the house satisfies the second element. She has not alleged that she made any formal complaint or filed any prior lawsuit that would form the basis of a retaliation claim. *Cf. Davis v. Fenton*, No. 13 C 3224, 2016 WL 1529899, at *7 (N.D. Ill. Apr. 13, 2016), *aff'd*, 857 F.3d 961 (7th Cir. 2017) (finding that, for the purposes of § 3617, the "exercise or enjoyment of" FHA rights includes suing to enforce those rights and finding that the plaintiff met the second element because she had filed an earlier lawsuit against the defendants raising several FHA claims). The Plaintiff does not allege, nor can it be inferred from the facts alleged, that Northwest Indiana CA sent her the letter because she filed her initial complaint in this case.

On the third element, the Plaintiff alleges that her landlords harassed her by seeking her unpaid rent and that Northwest Indiana CA threatened her with the letter informing her that her refusal to pay rent is a violation of her family rights and obligations under her Section 8 voucher that may result in her termination from the Section 8 program. There are no facts alleged or from which a reasonable inference could be drawn that, in this case, either action was because of any protected activity by the Plaintiff under the FHA.

Even if the Plaintiff could satisfy the second and third elements, her § 3617 claim must fail because she does not allege any facts to create an inference that the Defendants were motivated by a discriminatory intent. *See Bloch*, 587 F.3d at 783; *Davis*, 2016 WL 1529899, at *8 (finding that the plaintiff failed to state a claim of retaliation under § 3617 because "she failed to include *any* allegations that 'raise[] at least a minimal inference that Defendants acted with a discriminatory motive'" (citation omitted)). First, she has offered no facts connecting the

collection of her unpaid rent to a discriminatory motive by her landlords. The Plaintiff has alleged no facts that would excuse her from paying her rent, that would prevent the landlords from seeking payment of the rent, or that she was treated differently from any other tenants not in her protected class in the collection of rent or unpaid rent. She has similarly offered no facts to a support a discriminatory intent by Northwest Indiana CA in sending the letter. Moreover, the federal regulations provide that a public housing authority may terminate Section 8 housing assistance payments to a participant for a serious violation of the lease. 24 C.F.R. §§ 982.551(e), 982.552(a)(1), (3), (c)(1)(i). The regulations require the housing authority to give the participant a written description of her family obligations under the program, the grounds on which it may terminate assistance because of her failure to act, and the informal hearing procedures. *Id*. § 982.552(d). And, the regulations require the housing authority to give prompt written notice that the participant may request a hearing on the determination under § 982.552 to terminate assistance. *Id.* § 982.555(a)(1)(iv), (c)(2). Therefore, the Plaintiff's Amended Complaint fails to state a claim of retaliation under the FHA.

Finally, in her Motion for an Emergency Hearing, the Plaintiff states that on June 14, 2021, she received a letter dated June 8, 2021, from Northwest Indiana CA that her rental assistance, including utility reimbursement, will be terminated effective July 8, 2021.[2] The letter explains that her assistance is being terminated because of "a serious or repeated violation of the lease [24 CFR § 982.551(e), 24 CFR § 982.552(b)(2), 24 CFR § 5.2005(c)(1)]." Ex. A, ECF No. 5-1. The Plaintiff argues in the Motion that the termination letter is a violation of § 3604(b). Even if the Court were to consider the allegations in the Motion as an amendment to the Complaint, the Plaintiff still has failed to state a claim because there are no factual allegations in

---

[2] The June 8, 2021 letter explains the appeal process available to the Plaintiff if she disagrees with the housing authority's decision or feels that there is an error. *See* Ex. A, ECF No. 5-1.

the Motion, or reasonable inferences that can be drawn therefrom, that the June 8, 2021 letter was sent to the Plaintiff with an intent to discriminate against her based on her race.

The Court will grant the Plaintiff one final opportunity to file a second amended complaint that cures the deficiencies set forth above. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under the in forma pauperis statute has the same right to amend a complaint as fee-paying plaintiffs have). Along with a second amended complaint, the Plaintiff must also either pay the filing fee or file a new motion to proceed in forma pauperis that sets forth her current financial status. The Plaintiff may not rely on the Court's May 17, 2021 ruling that the Plaintiff met the financial prong on her initial motion.

## CONCLUSION

Based on the foregoing, the Court DISMISSES without prejudice the Amended Complaint [ECF No. 4] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and DENIES as moot the Request for an Emergency Hearing [ECF No. 5]. The Plaintiff is granted up to and including August 2, 2021, to file a second amended complaint as well as either a new Motion to Proceed In Forma Pauperis or the filing fee. The Plaintiff is cautioned that, if she does not respond by the August 2, 2021 deadline, the Court will direct the Clerk of Court to close this case without further notice.[3]

SO ORDERED on July 6, 2021.

    s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[3] The Court again notes that Plaintiff LaSandra Norman has filed several pro se complaints with this Court as of the date of this Opinion and Order: 2:11-CV-97-RL; 2:12-CV-210-JTM; 2:16-CV-113-RLM; 2:17-CV-416-RL; 2:18-CV-204-PPS; 2:19-CV-365-TLS; 2:19-CV-372-TLS; 2:20-CV-51-JEM.