UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LASANDRA NORMAN,<br><br>     Plaintiff,<br><br>     v.<br><br>NORTHWEST INDIANA CA Section 8, et al.,<br><br>     Defendants. | CAUSE NO.: 2:21-CV-158-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Reconsideration, of Opinion and Order, in Addition to Dismissing the Case with Prejudice Pursuant to Rule 59(e) [ECF No. 11], filed on September 29, 2021, by LaSandra Norman, a plaintiff proceeding without counsel. On May 5, 2021, the Plaintiff filed a Complaint [ECF No. 1] and a Motion for Leave to Proceed In Forma Pauperis [ECF No. 2]. On May 17, 2021, the Court denied the motion and dismissed the Complaint without prejudice for failure to state a claim, granting the Plaintiff leave to file an amended complaint. ECF No. 3. On June 11, 2021, the Plaintiff filed an Amended Complaint [ECF No. 4]. On July 6, 2021, the Court dismissed the Amended Complaint without prejudice for failure to state a claim and granted the Plaintiff a final opportunity to amend the complaint. ECF No. 6. On July 30, 2021, the Plaintiff filed a Second Amended Complaint [ECF No. 7] and a Motion for Leave to Proceed In Forma Pauperis [ECF No. 8]. On September 24, 2021, the Court denied the motion and dismissed the Second Amended Complaint with prejudice for failure to state a claim. ECF No. 9.

Federal Rule of Civil Procedure 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A

motion to alter or amend judgment under Rule 59(e) may be brought based on "newly discovered evidence, an intervening change in the controlling law, [or] manifest error of law." *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998) (citations omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

In this motion to reconsider, the Plaintiff contends that legal issues remain to be litigated because she believes it is a violation of the Fair Housing Act for her landlord to have a mortgage on the property that she rents with the assistance of a Section 8 housing voucher. This is the same issue that the Plaintiff alleged in her three complaints and that the Court found failed to state a claim under the Fair Housing Act. The facts asserted in the motion are the same facts alleged in her pleadings. In other words, the Plaintiff disagrees with the Court's dismissal of this case, but the Plaintiff has not identified any newly discovered evidence, an intervening change in the controlling law, or a manifest legal error by the Court. Accordingly, the Plaintiff has not offered any basis under Rule 59(e) for the Court to reconsider its ruling.

Based on the foregoing, the Court DENIES the Motion for Reconsideration, of Opinion and Order, in Addition to Dismissing the Case with Prejudice Pursuant to Rule 59(e) [ECF No. 11].[1]

SO ORDERED on October 1, 2021.

                                                s/ Theresa L. Springmann
                                                JUDGE THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT

---

[1] The Court again notes that Plaintiff LaSandra Norman has filed several pro se complaints with this Court as of the date of this Opinion and Order: 2:11-CV-97-RL; 2:12-CV-210-JTM; 2:16-CV-113-RLM; 2:17-CV-416-RL; 2:18-CV-204-PPS; 2:19-CV-365-TLS; 2:19-CV-372-TLS; 2:20-CV-51-JEM.