UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LASANDRA NORMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NORTHWEST INDIANA CA Section 8, et al.,<br><br>　　　　Defendants. | CAUSE NO.: 2:21-CV-158-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Enforce Norman's Right to Sue Northwest Indiana Community Action Under Section 813(a) of the Act [ECF No. 14], filed on October 12, 2021, by LaSandra Norman, a plaintiff proceeding without counsel. On May 5, 2021, the Plaintiff filed a Complaint [ECF No. 1] and a Motion for Leave to Proceed In Forma Pauperis [ECF No. 2]. On May 17, 2021, the Court denied the motion and dismissed the Complaint without prejudice for failure to state a claim, granting the Plaintiff leave to file an amended complaint [ECF No. 3]. On June 11, 2021, the Plaintiff filed an Amended Complaint [ECF No. 4]. On July 6, 2021, the Court dismissed the Amended Complaint without prejudice for failure to state a claim and granted the Plaintiff a final opportunity to amend the complaint [ECF No. 6]. On July 30, 2021, the Plaintiff filed a Second Amended Complaint [ECF No. 7] and a Motion for Leave to Proceed In Forma Pauperis [ECF No. 8]. On September 24, 2021, the Court denied the motion and dismissed the Second Amended Complaint with prejudice for failure to state a claim [ECF No. 9]. On September 29, 2021, the Plaintiff filed a Motion for Reconsideration [ECF No. 11] under Federal Rule of Civil Procedure 59(e), which the Court denied on October 1, 2021 [ECF No. 12].

The Court construes the instant motion as a renewed or second motion to reconsider under Federal Rule of Civil Procedure 59(e). Federal Rule of Civil Procedure 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion to alter or amend judgment under Rule 59(e) may be brought based on "newly discovered evidence, an intervening change in the controlling law, [or] manifest error of law." *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998) (citations omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

First, the Plaintiff seeks to enforce her "constitutional right to sue all parties," invoking the right under Section 813(a) of the Fair Housing Act, 42 U.S.C. § 3613(a), to bring a claim in federal district court for an injury caused by a discriminatory housing practice. From the outset, the Court has understood the Plaintiff to be bringing her claim under 42 U.S.C. § 3613(a). *See* May 17, 2021 Op. & Order 4, ECF No. 3; July 6, 2021 Op. & Order 5 n.1, ECF No. 6; Sept. 24, 2021 Op. & Order 5 n.2, ECF No. 9.

Second, the Plaintiff sets out the elements of a claim of discrimination or retaliation under the Fair Housing Act and asserts that "stating a claim" is not an element. In each of its opinions, the Court recognized the elements of the Fair Housing Act claims. *See* May 17, 2021 Op. & Order 4 n.1, 4–5; July 6, 2021 Op. & Order 4–5, 5 n.1, 6; Sept. 24, 2021 Op. & Order 5, 5 n.2, 6, 6–7, 7 n.3. Moreover, when a plaintiff seeks leave to proceed in forma pauperis, the district court must review the complaint to determine whether it states a claim; the Court explained this standard in each opinion. *See* May 17, 2021 Op. & Order 2–3; July 6, 2021 Op. & Order 2–3; Sept. 24, 2021 Op. & Order 1–2.

Thus, the Plaintiff has not identified a manifest error of law. The Plaintiff continues to assert that she believes it is a violation of the Fair Housing Act for her landlord to have a mortgage on the property that she rents with the assistance of a Section 8 housing voucher. This is the same issue that the Plaintiff alleged in her three complaints and that the Court found failed to state a claim under the Fair Housing Act. Although the Plaintiff disagrees with the Court's dismissal of this case, the Plaintiff has not identified any newly discovered evidence, an intervening change in the controlling law, or a manifest legal error by the Court. Accordingly, the Plaintiff has not offered any basis under Rule 59(e) for the Court to reconsider its ruling.

Based on the foregoing, the Court DENIES the Motion to Enforce Norman's Right to Sue Northwest Indiana Community Action Under Section 813(a) of the Act [ECF No. 14].[1]

SO ORDERED on October 19, 2021.

    s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT

---

[1] The Court again notes that Plaintiff LaSandra Norman has filed several pro se complaints with this Court as of the date of this Opinion and Order: 2:11-CV-97-RL; 2:12-CV-210-JTM; 2:16-CV-113-RLM; 2:17-CV-416-RL; 2:18-CV-204-PPS; 2:19-CV-365-TLS; 2:19-CV-372-TLS; 2:20-CV-51-JEM.